UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>QASIR MUKHTAR, et al.,<br><br>　　　　　Defendants. | Case No.: 2:12-CR-0004-APG-GWF<br><br>**ORDER DENYING DEFENDANT QASIR MUKHTAR'S APPEAL FROM THE FEBRUARY 13, 2013 ORDER DENYING PRETRIAL RELEASE** |

Before the Court is Defendant Qasir Mukhtar's Appeal from the Magistrate Judge's February 13, 2013 Order Denying Defendant's Second Motion for Pretrial Release [Dkt. #315]. The Government filed a Response in Opposition [Dkt. #328], and Defendant filed a Reply [Dkt. #341].

**I. BACKGROUND**

Defendant Mukhtar is charged in the multi-count, multi-defendant Indictment with participating in a racketeer influenced, corrupt organization in violation of 18 U.S.C. §1962(c) and §1963; conspiracy to engage in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d); and trafficking in and possessing device-making equipment, and aiding and abetting in violation of 18 U.S.C. § 1020(a)(4), (c)(1)(A)(ii), and (h) and 18 U.S.C. § 2.  Mr. Mukhtar self-surrendered and was arrested in New York, where he resides, on March 15, 2012.

He made his initial appearance that same day before Magistrate Judge Steven M. Gold and was temporarily detained. On March 21, 2012, Magistrate Judge Joan M. Azrack held a detention hearing, and Mr. Mukhtar was ordered detained and removed to the District of Nevada.

Mr. Mukhtar's initial appearance in this District and arraignment and plea took place on April 9, 2012. The Government moved for Mr. Mukhtar's pretrial detention as a substantial risk of nonappearance. Defendant's counsel did not oppose the Government's motion based on the fact that Immigration and Custom Enforcement ("ICE") had lodged a detainer against Mr. Mukhtar on the grounds that he is a citizen of Pakistan who is not legally present in the United States. The Court ordered that Mr. Mukhtar be detained pending trial.

Subsequently, Mr. Mukhtar filed two separate motions for pretrial release, which were rejected by the Magistrate Judge and the District Judge. This current appeal arises from the Magistrate Judge's February 13, 2013 Order [Dkt. #296] denying Mr. Mukhtar's Second Motion for pretrial release.

**II. DISCUSSION**

   **A. 18 U.S.C. § 3142(g) Factors**

A defendant may move the district court judge to revoke or amend a pretrial detention Order issued by a magistrate judge. 18 U.S.C. § 3145(b). The district judge reviews the magistrate judge's detention order *de novo*, without deference to the magistrate judge's factual findings. *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990). The district judge reviews the evidence presented to the magistrate judge and makes "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. Id. at 1192-93. The district judge may, but need not, hold an evidentiary hearing to make this determination. Id.

Title 18 U.S.C. § 3142(g) requires the Court to consider four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

### 1.    Nature and Circumstances of Offenses Charged

Mr. Mukhtar is charged in the multi-count Indictment with, among other things, participating in a racketeer influenced, corrupt organization in violation of 18 U.S.C. §1962(c) and §1963; conspiracy to engage in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d); and trafficking in and possessing unauthorized access and device-making equipment, and aiding and abetting, in violation of 18 U.S.C. § 1020(a)(4), (c)(1)(A)(ii), and (h) and 18 U.S.C. § 2.

Mr. Mukhtar faces a potentially lengthy prison sentence if he is convicted on the charges in the Indictment. He then would be subject to deportation after completion of the sentence. Moreover, given that several of the offenses involve the creation and/or use of counterfeit identification and related devices, if proven the risk of nonappearance is greater, as the Defendant may have some ability to falsify transportation documents.

### 2.    Weight of Evidence Against Defendant

This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Thus, "[a]lthough the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id*. (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id*. Accordingly, factor two "may be considered

only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id*. (citing 18 U.S.C. § 3142(g) (remaining citation omitted)).

Mr. Mukhtar correctly argues that "there is no basis to detain Mr. Mukhtar based simply upon the 'weight of the evidence' against him…." See Appeal at 15:10-12. If that was the only basis for detention, Mr. Mukhtar's appeal would be granted. But as set forth herein, other reasons justify his continued detention.

### 3.     History and Characteristics of Defendant

Under 18 U.S.C. § 3142(g)(3), courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407.

Mr. Mukhtar is a citizen of Pakistan and is not lawfully present in the United States. His parents and most of his siblings reside in Pakistan. Mr. Mukhtar's wife is a naturalized United States citizen, has stable employment and appears to be very supportive of Defendant. He argues that he is eligible for deferment from deportation as a childhood arrival, pursuant to the DREAM Act. However, given his prior conviction for a serious misdemeanor involving a violent crime, and the fact that Protection Orders have been filed against him, such deferment is far from certain.

At the time of his detention, Mr. Mukhtar had been unemployed for six months. He had no significant assets and stated that he was $5,000 in debt. He contends that he has recently developed ties to a well-respected member of the Las Vegas community, and has leads on obtaining a job upon release. Such representations, even if true, are not sufficient to justify

pretrial release in the face of substantial risks that Mr. Mukhtar may flee.[1]  Mr. Mukhtar has significant family connections (parents and siblings) in Pakistan and has wired funds (the amounts are in dispute) there.  He is a flight risk.

### 4. Nature and Seriousness of Danger to any Person or the Community that would be Posed by Defendant's Release

At the April 9, 2012 detention hearing, the Magistrate Judge determined "that the credible testimony and information submitted at the hearing established by a preponderance of the evidence that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure the appearance of the Defendant." *See* April 9, 2012 Detention Order Pending Trial [Dkt. #139].  Despite consideration of additional evidence and arguments presented in subsequent Motions, the Magistrate Judge has not changed his opinion.  After conducting a *de novo* review (including reading the present and prior Motions), I come to the same conclusion.

Although Mr. Mukhtar de-emphasizes his prior convictions as minor, his criminal history includes arrests for assault, harassment, and menacing, a conviction for a violent offense, entry of temporary protection orders against him, and at least one active Order of Protection entered against him (which is not set to expire until May 31, 2013).  Combined with the fact that he is not legally present in the United States, his lack of financial resources and ties to the local community, and his foreign ties, he represents a risk of nonappearance.

Finally, there are no conditions or combination of conditions that the Court could fashion that would reasonably assure Mr. Mukhtar's appearance at future court proceedings.  Mr. Mukhtar proposes a $10,000 bail. *See* Reply [Dkt. #341] at 8:4.  He previously offered to have his sister-in-law's restaurant put up as security for his appearance. *See* Appeal [Dkt. #315] at 8:8-

---

[1] Mr. Mukhtar also requests release in order to assist his counsel prepare for trial, which allegedly cannot be done from the Pahrump detention facility.  At the same time, Mr. Mukhtar states that if he is allowed to post bail, he should be permitted to return to New York.  Returning to New York would not facilitate his assisting his counsel in trial preparation.

11. On the totality of the circumstances present in this case, the Court finds that such offers of bail – as well as any other conditions or combination of conditions -- are insufficient guarantees to overcome the risk that Mr. Mukhtar will flee.

### B. November 2013 Trial Date

Despite his arguments to the contrary, Mr. Mukhtar's Sixth Amendment rights are not being violated by his continued detention until the November 2013 trial date. However, should the Government seek to further delay the trial beyond the current November 2013 date, Mr. Mukhtar may have a stronger argument at that time. Without prejudging that issue, Mr. Mukhtar is free to raise this issue again should another extension of the trial date be sought.

For the foregoing reasons, the Magistrate Judge's February 13, 2013 Order [Dkt. #296] is affirmed, and Mr. Mukhtar is to remain in pretrial detention.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Qasir Mukhtar's Appeal [Dkt. #315] from the Magistrate Judge's February 13, 2013 Order Denying Defendant's Second Motion for Pretrial Release is hereby **DENIED**. The Magistrate Judge's decision reflected in the February 13, 2013 Order [Dkt. #296] is hereby **AFFIRMED**.

DATED this 15th day of May, 2013.

_____
**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**